IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CIVIL ACTION NO.
     v.                     )       2:16cr347-MHT
                            )            (WO)
SERGIO MANUEL SANCHEZ       )
```

OPINION AND ORDER

This court previously set a hearing on the petition of the United States Probation Department to revoke the term of supervision of defendant Sergio Manuel Sanchez. *See* Orders (doc. nos. 176 & 177). Since then, in a written document submitted to the court and signed by government counsel, defense counsel, and Sanchez himself, Sanchez has agreed to waive his right to a revocation hearing in exchange for a particular sentence. *See* Agreed Order (doc. no. 178). For the reasons that follow, the court will accept the parties' agreement, grant the revocation petition, revoke Sanchez's term of supervision, and sentence him to time served, with one year of supervised release to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the rule, Sanchez is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation," also known as the right to allocution. Fed. R. Crim. P. 32.1(b)(2); *see also* Fed. R. Crim. P. 32.1 advisory committee's note to 2005 amendment (noting the addition of the right to allocution in response to an observation by the Eleventh Circuit in *United States v. Frazier*, 283 F.3d 1242 (11th Cir. 2002)). The rule also makes plain that such revocation hearings can be waived by the defendant: "*Unless waived*

*by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).*

Given this rule, the court is satisfied that Sanchez's waiver is sufficient for this court to proceed without a revocation hearing. In the waiver, he "acknowledges he has had an opportunity to" review both (1) "the notice of the alleged violation of supervised release" and (2) "the evidence against him." Agreed

---

\* Allowing a defendant to waive a revocation hearing in its entirety is also consistent with the rule's treatment of preliminary hearings and modifications of supervised release, both of which can also be waived by the defendant. *See* Fed. R. Crim. P. 32.1(b)(1)(A) ("The person may waive the [preliminary] hearing."); *id*. at 32.1(c)(2) ("A hearing is not required if: (A) the person waives the [modification] hearing.").

Order (doc. no. 178) at 3. This corresponds to his entitlement at a revocation hearing to "(A) written notice of the alleged violation; [and] (B) disclosure of the evidence against [him]." Fed. R. Crim. P. 32.1(b)(2). Further, in the waiver, Sanchez "acknowledges he is aware of the following rights and is knowingly waiving these rights in exchange for the recommended agreed sentence," namely (1) "[t]he opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing" and (2) "[t]he opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court." Agreed Order (doc. no. 178) at 3. This corresponds to Sanchez's entitlement at a revocation hearing to "(C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; ... and (E) an opportunity to make a statement and present any

information in mitigation." Fed. R. Crim. P. 32.1(b)(2). While the waiver does not mention Sanchez's entitlement to "(D) notice of [his] right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel," *id.*, there is no need here because Sanchez is already represented by counsel.

The parties propose that Sanchez receive time served with a one-year term of supervised release to follow. They recommend the following conditions for his supervised release:

(1) Sanchez shall complete the 28-day inpatient program at Aletheia House located in Montgomery, Alabama;

(2) Sanchez shall be released to the Federal Defenders Office to be transported to Aletheia House by 11:30 a.m. on Thursday, October 8, 2020;

(3) After completion of the 28-day inpatient treatment at Aletheia House, Sanchez shall continue to receive outpatient treatment at

5

  Gateway Behavioral Health Services and MAT with Dr. Robert Holland;

(4) Sanchez shall participate in any additional drug treatment program as directed by the U.S. Probation Office and shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments;

(5) Sanchez shall participate in drug testing to determine whether he has reverted to the use of illegal drugs; and

(6) Sanchez shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this Court.

*See* Agreed Order (doc. no. 178) at 2-3.

  The court finds the parties' proposed sentence of time served alongside supervised release--subject to the above conditions--to be reasonable and fair. The court understands that the conduct to which Sanchez has stipulated constitutes a Grade C violation in the United

States Sentencing Guidelines; that his criminal history category at the time of sentencing was V; and that the applicable guideline range is therefore 7 to 13 months. A sentence of time served followed by one year of supervised release is appropriate here in light of the relatively minor nature of Sanchez's violation and the conditions attached to his term of supervised release. *See* 18 U.S.C. § 3553(a).

The Probation Department has indicated to the court that it does not object to the proposed sentence. With these understandings in mind, and after having considered and consulted the Sentencing Guidelines in general and evaluated the reasonableness of a sentence through the lens of 18 U.S.C. § 3553, the court finds that the parties' proposed sentence for Sanchez is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in subpart (a) of § 3553.

***

Accordingly, it is ORDERED as follows:

(1) The court accepts the parties' plea agreement, including defendant Sergio Manuel Sanchez's waiver of his right to a revocation hearing (doc. no. 178).

(2) The court finds that defendant Sanchez violated the following special conditions of the terms of supervised release: that he shall refrain from any unlawful use of a controlled substance; that he must not unlawfully possess a controlled substance; and that he must pay any fine or restitution in accordance with the Schedule of Payments sheet. These are violation numbers one, two, and six, respectively, in the petition to revoke supervised release (doc. no. 158).

(3) The petition to revoke supervised release (doc. no. 158) is granted as to violations one, two, and six. The remaining violations are dismissed.

(4) The court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines.

(5) The court finds that defendant Sanchez's criminal history category at the time of sentencing was V.

(6) The court finds that the guideline range of imprisonment for revocation is 7 to 13 months.

(7) Having considered and consulted Chapter 7 of the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' sentencing agreement, it is the judgment of the court that defendant Sanchez is sentenced to time served, followed by a one-year term of supervised release with the following additional conditions: (a) defendant Sanchez shall complete the 28-day inpatient program at Aletheia House located in Montgomery, Alabama; (b) defendant Sanchez shall be released to the Federal Defenders Office to be transported to Aletheia House by 11:30 a.m. on Thursday, October 8, 2020; (c) after completion of the 28-day inpatient treatment at Aletheia House, defendant Sanchez shall continue to receive outpatient treatment at Gateway Behavioral Health

9

Services and MAT with Dr. Robert Holland; (d) defendant Sanchez shall participate in any additional drug treatment program as directed by the U.S. Probation Office and shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments; (e) defendant Sanchez shall participate in drug testing to determine whether he has reverted to the use of illegal drugs; and (f) defendant Sanchez shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of this court.

DONE, this the 7th day of October, 2020.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE